COPY

FILED

10 NOV -4 PM 1:23

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

BY:_____

1  GLENN L. BRIGGS (SB# 174497)
   Email: gbriggs@hbwllp.com
2  S. SEAN SHAHABI (SB# 204710)
   Email: sshahabi@hbwllp.com
3  BETH C. KEARNEY (SB# 234716)
   Email: bkearney@hbwllp.com
4  HODEL BRIGGS WINTER LLP
   8105 Irvine Center Drive, Suite 1400
5  Irvine, CA 92618
   Telephone: (949) 450-8040
6  Facsimile: (949) 450-8033

7  Attorneys for Defendant
   PAYLESS SHOESOURCE, INC.

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12

13  KATRILLA ATKINS, individually          CASE NO.
    and on behalf of all others similarly
14  situated,                              CV10 8389 GW (SHx)

15              Plaintiffs,                 [Los Angeles County Superior Court
                                           Case No.: BC447027]
16       v.

17  PAYLESS SHOESOURCE, INC.,              **NOTICE OF REMOVAL OF
    a Missouri corporation; and DOES       ACTION TO UNITED STATES
18  1-10, Inclusive,                       DISTRICT COURT PURSUANT TO
                                           28 U.S.C. §§ 1332(d) AND 1441
19              Defendants.                 (DIVERSITY)**

20

21

22

23

24

25

26

27

28

46794

NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

1    TO THE UNITED STATES DISTRICT COURT FOR THE

2    CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF AND HER ATTORNEYS

3    OF RECORD:

4

5    PLEASE TAKE NOTICE THAT, based on the following allegations,

6    Defendant Payless ShoeSource, Inc. ("Payless"), hereby removes the state court

7    action described below.

8

9    1.    On October 7, 2010, Plaintiff Katrilla Atkins ("Plaintiff")

10   commenced a class action complaint against Payless in the Superior Court of the

11   State of California in and for the County of Los Angeles, entitled *Katrilla Atkins v.*

12   *Payless ShoeSource, Inc.,* as case number BC447027.  A true and correct copy of

13   the Class Action Complaint ("Complaint") and Civil Case Cover Sheet is attached

14   hereto as Exhibit "A."  A true and correct copy of the corresponding summons,

15   filed on October 7, 2010, is attached hereto as Exhibit "B."

16

17   2.    Plaintiff served Payless with the Complaint and Summons on

18   October 8, 2010.  A copy of CT Corporation's Service of Process Transmittal,

19   indicating the date of service, is attached hereto as Exhibit "C."  This Notice of

20   Removal is filed within 30 days from the date upon which Payless was served and

21   is within the time for removal provided by law.  *See 28 U.S.C. § 1446(b).*

22

23   3.    This is a civil action of which this Court has original jurisdiction

24   under 28 U.S.C. section 1332(d), and is one that may be removed to this Court by

25   Payless pursuant to the provisions of 28 U.S.C. section 1441, in that it is a class

26   action in which the aggregate amount in controversy exceeds the sum of

27   $5,000,000, exclusive of interest and costs, and Plaintiff (as well as members of the

28   putative class) is a citizen of a different state than Payless.

46794

1

## DIVERSITY OF CITIZENSHIP

4.      Plaintiff alleges that "[a]t all relevant times to this action, [she] was a resident of the County of Los Angeles."   *(See Exhibit A, at ¶ 4).*  Payless is informed and believes that Plaintiff was, and still is, a citizen of the State of California.

5.      Plaintiff identifies Payless as a Missouri corporation with a corporate mailing address in Topeka, Kansas.  *(See Exhibit A, at ¶ 5).*

6.      Payless is incorporated under the laws of the state of Missouri. As discussed below, Payless' principal place of business is the state of Kansas.

7.      To determine a corporation's principal place of business, Federal courts must utilize the "nerve center" test.  *Hertz Corp. v. Friend,* 130 S. Ct. 1181, 1183 (2010).  Under the "nerve center" test, a corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities."  *Id.*  Per the United States Supreme Court, a corporation's nerve center "should normally be the place where the corporation maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination."  *Id.*

8.      Payless maintains its executive offices in Topeka, Kansas. Payless' executive, finance, accounting, marketing, information systems, and legal functions are all centralized at its Kansas headquarters.  All of the members of Payless' upper management have their offices in Kansas.  Finally, Kansas is where all of Payless' company-wide decisions and policies are made.  Accordingly, under the nerve center test, Payless' principal place of business is Kansas.

46794

2

**AMOUNT IN CONTROVERSY**

9.      The above-captioned matter is a wage and hour class action alleging claims on behalf of "[a]ll current or former employees who are or, at any time four (4) years prior to the filing of this action, have been employed as an Associate by Payless within the State of California." *(See Exhibit A, at ¶ 29)*.

10.     There are nine causes of action asserted against Payless on behalf of the putative class: (i) that Payless failed to pay its Associates minimum wages (Labor Code § 1194); (ii) failed to pay mandated overtime wages (Labor Code § 510); (iii) failed to provide adequate rest periods (Labor Code § 226.7); (iv) failed to provide adequate meal periods (Labor Code § 226.7); (v) failed to pay business expenses (Labor Code § 2802); (vi) waiting time penalties (Labor Code § 203); (vii) failed to keep accurate payroll records (Labor Code § 1174(d)); (viii) failed to furnish accurate wage statements (Labor Code § 226(a)); and (ix) violation of California Business and Professions code § 17200. *(See Exhibit A, at ¶¶ 32-86)*.

11.     The Complaint does not allege a specific amount in controversy.[1]  However, as demonstrated below in relation to just a few of the causes of action, the aggregate amount in controversy clearly exceeds the sum of $5,000,000, exclusive of interests and costs.  28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine

---

[1] The "amount in controversy" is determined by the amount of damages that is the subject of the action. *Kroske v. U.S. Bank, 432 F.3d 976, 980 (9th Cir. 2005)*.  In other words, it is "the amount involved in the underlying dispute." *Theis Research, Inc. v. Brown & Bain, 400 F.3d 659, 664 (9th Cir. 2005)*.  Payless' demonstration that the amount in controversy exceeds the $5,000,000 minimum is not an admission of liability or concession that Plaintiff is entitled to recover this (or any) amount.

46794

3

1    whether the matter in controversy exceeds the sum or value of $5,000,000,

2    exclusive of interests and costs.").

3

4                    **First Cause of Action (Minimum Wages)**

5                    12.    Under their first cause of action, Plaintiff alleges that Associates

6    worked "off-the-clock" and that Payless failed to pay its Associates for all hours

7    worked, "result[ing] in Plaintiff's and class members' actual hourly rate for all time

8    worked [to fall] below the prescribed minimum wage. (*See Exhibit A, at ¶¶ 34-35).*

9    Plaintiffs seek recovery for unpaid minimum wages over the three (3) year period

10   preceding the filing of this action. (*See Exhibit A, at ¶¶ 36-39; Prayer for Relief,*

11   *¶5, at p. 17 of Complaint*); *Cal. Civ. Code § 338 (three-year statute of limitations*

12   *for actions based upon a liability created by statute).*  Plaintiff also seeks the

13   recovery of "liquidated damages in an amount equal to the minimum wages

14   unlawfully unpaid . . ." (*See Exhibit A, at ¶ 39; Prayer for Relief, ¶ 12, at p. 17 of*

15   *Complaint).*

16

17                    13.    Plaintiff alleges that Payless has operated "more than 500 retail

18   stores in California during the statutory period relevant to this action." *(See Exhibit*

19   *A, at ¶ 11).*  In fact, during the three-year period preceding the filing of this action

20   (i.e., October 7, 2007, through October 7, 2010), Payless has continually operated

21   more than five-hundred twenty stores (520) in California.

22

23                    14.    Throughout this same three-year period, Payless has ***continually***

24   employed ***at least*** two thousand five hundred (2,500) Associates throughout its

25   California stores.

26

27                    15.    Assuming a claim of just one (1) hour of unpaid minimum

28   wages per Associate per workweek (Plaintiff will undoubtedly claim more), and

46794

                                                    4

1   just taking the one-hundred forty three (143) full calendar weeks during which the

2   California minimum wage was $8.00/hour during this three-year span (i.e., from

3   January 1, 2008 through October 2, 2010),[2] the amount of alleged unpaid minimum

4   wages in relation to Plaintiff's first cause of action is at least $2,860,000 (i.e., 143

5   weeks (x) 1 hour of unpaid minimum wages per week (x) $8.00 (x) 2,500

6   Associates).  Liquidated damages in the equivalent amount would equate to an

7   additional $2,860,000.  The amount in controversy therefore in relation to

8   Plaintiff's first cause of action alone is *at least* **$5,720,000,** in and of itself greater

9   than the $5,000,000 jurisdictional threshold under 28 U.S.C. section 1332(d)(2).

10

11         **Second Cause of Action (Overtime)**

12         16.    Under her second cause of action, Plaintiff similarly alleges that

13   Payless "required workers to work off-the-clock without compensation" and failed

14   to pay its Associates for all of the overtime hours they worked during the statutory

15   period. *(Exhibit A, at ¶ 42)*.  Plaintiff similarly seeks recovery for unpaid overtime

16   over the three (3) year period preceding the filing of this action. *(Exhibit A, at ¶*

17   *46); Cal. Civ. Code § 338 (three-year statute of limitations)*.

18

19         17.    Taking the same 143-week period discussed in paragraph 15,

20   above, and applying an overtime rate of $12.00/hour (minimum wage at the time-

21   and-a-half rate required under Labor Code § 510 and the California Wage Orders),

22   and assuming one (1) hour of unpaid overtime per Associate per workweek (again,

23   Plaintiff will undoubtedly claim more), the amount in controversy in relation to

24   Plaintiff's second cause of action *alone* is *at least* **$4,290,000** (i.e., 143 weeks (x) 1

25   hour of unpaid overtime per week (x) $12.00 (x) 2,500 Associates).

26   ───────────────

27   [2] Per Plaintiff's Complaint, "[t]he applicable minimum wages for workers such as
     Plaintiff's and class members . . . [is] not less than eight dollars ($8.00) per hour for
     all hours worked effective January 1, 2008." *(See Exhibit A, at ¶ 35)*.

28

**<u>Third and Fourth Causes of Action (Rest Periods and Meal Periods)</u>**

18.     Under their third and fourth causes of action, Plaintiff alleges that Payless "regularly required" its Associates to work through rest periods and meal periods mandated by law. (*Exhibit A, at ¶¶ 48-51, 53-56*).  Plaintiff seeks recovery for missed meal and rest periods over the three (3) year period preceding the filing of this action. *See Exhibit A, Prayer for Relief, ¶¶ 7, 8, at p. 17 of Complaint; Murphy v. Kenneth Cole Productions, Inc., 40 Cal.4th 1094, 1114 (2007) (payments for missed meal and rest periods are "wages" and subject to a three-year statute of limitations).*

19.     Under California Labor Code Section 226.7, an employee can recover one hour of pay at the employee's regular rate for each work day that the rest period or meal period is not provided. *See Cal. Labor Code § 226.7; see also, Exhibit A, at ¶¶ 51, 56.*  If neither a required meal period nor rest period are provided in the same day, the employee potentially may recover one hour of pay for the missed meal period *plus* one hour of pay for the missed rest period (as opposed to one hour for the entire day).

20.     Assuming a claim for just one (1) missed meal period and one (1) missed rest period per week (Plaintiffs will undoubtedly claim more), and taking the 143-week period described in paragraph 15, above, the amount in controversy relative to Plaintiff's third and fourth causes of action is *at least* <u>**$5,720,000**</u> (i.e., 143 weeks (x) 2,500 Associates (x) $8.00 per hour (the state

NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

46794

minimum wage)[3] (x) 2 violations (one meal period and one rest period)).

### Sixth Cause of Action (Waiting Time Penalties)

21.    Under their sixth cause of action, Plaintiff alleges that Payless wilfully failed to promptly pay her, as well as other similarly situated employees, all wages due at the time of discharge, and seek "waiting time penalties" pursuant to California Labor Code section 203 on behalf of Associates no longer employed with Payless.  (*See Exhibit A, at ¶¶ 65-67*).

22.    Plaintiff alleges that Payless "failed and refused, and continues to fail and refuse, to timely pay at the time of discharge all compensation and wages, including unpaid off-the-clock time, overtime, meal period pay and/or rest break pay, at the correct pay rates, to Plaintiff and other similarly situated former employees terminated by [Payless] in California."  *(See Exhibit A, at ¶ 67).* Accordingly, Plaintiff's sixth cause of action is derivative of her first, second, third and fourth causes of action.  In other words, Plaintiff's will undoubtedly contend that just one failure to pay minimum wages or overtime, or one failure to provide a meal or rest period to a then-current and now-former Associate is enough to trigger a waiting time penalty for that Associate.

23.    Under California Labor Code Section 203, an employee can recover a "waiting time" penalty of up to the equivalent of thirty (30) days of pay. *See Cal. Labor Code § 203; see also, Mamika v. Barca, 68 Cal. App. 4th 487, 494, 80 Cal. Rptr. 2d 175 (1998) ("Under section 203, an employee's rate of pay must*

---

[3] Many of Payless' Associates have actually been paid in excess of the state minimum wage throughout this time period (and to date), but for purposes of this calculation, the state minimum wage is utilized.  Accordingly, the actual amount in controversy in relation to these causes of action is even higher.

7

*be calculated as a daily figure, which can then be multiplied by the number of days of nonpayment for a maximum of 30 days.")*.  Furthermore, "[s]uit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise." *See Cal. Labor Code § 203.*

24.   At least three thousand (3,000) Associates have left Payless' employ in the 143-week period preceding the filing of this suit (i.e., January 1, 2008, to October 2, 2010).  Accordingly, Plaintiff is seeking 30 days of waiting time penalties on behalf of at least 3,000 individuals.  The amount of waiting time penalties that Plaintiff seeks on behalf of just *one* Associate is at least $1,920 (i.e., minimum hourly rate of $8.00 per hour (x) 8 hours per day = a daily wage rate of $64.00; $64.00 (x) 30 days = $1,920).  Thus, the aggregate amount of penalties Plaintiff seeks in connection with her sixth cause of action *alone is at least* **$5,760,000** (i.e., $1,920 per former Associate (x) 3,000 Associates who left Payless' employ within the three-year statutory period).  As with the first cause of action, the amount in controversy in relation to the sixth cause of action alone is enough to satisfy the $5,000,000 jurisdictional threshold under 28 U.S.C. section 1332(d)(2).

**Summary re: Amount in Controversy**

25.   As illustrated above, the amounts in controversy in connection with Plaintiff's first, second, third, fourth, and sixth causes of action are at least $5,720,000 (minimum wage), $4,290,000 (overtime), $2,860,000 (rest period), $2,860,000 (meal period), and $5,760,000 (waiting time), respectively.  Thus, taking just five of Plaintiff's nine causes of action against Payless, the total amount in controversy in connection with this class action lawsuit amounts to *at least*

46794

8

1    **$21,490,000**.[4]  This is more than **four times** the jurisdictional minimum of

2    $5,000,000 set forth in 28 U.S.C. section 1332(d)(2).  Therefore, given the diversity

3    of the parties, this Court has original jurisdiction over this action pursuant to 28

4    U.S.C. section 1332(d)(2), and removal is proper under 28 U.S.C. section 1441.

5

6         26.    This amount in controversy does not even include amounts

7    relating to Plaintiff's fifth, seventh, eighth, or ninth causes of action, for which

8    Plaintiff seeks to recover additional damages and penalties, nor does it include

9    attorneys' fees sought by Plaintiff in connection with the alleged Labor Code

10    violations.  *(Exhibit A, Prayer for Relief, ¶ 18, at p. 18 of Complaint); See*

11    *Richmond v. Allstate Ins. Co., 897 F. Supp. 447, 450 (S.D. Cal. 1995) (attorneys'*

12    *fees are included in the amount in controversy "if recoverable by statute or*

13    *contract").*

14

15         27.    By way of further illustration, given the size of the putative class

16    and the statutory period at issue, the $5,000,000 amount in controversy threshold is

17    even satisfied based on a much lower "frequency" of alleged violations.  Assuming,

18    for example, that Plaintiff contends that a violation occurred once every *four weeks*

19    (instead of once a week), that only a quarter of the former Associates were entitled

20    to waiting time penalties, *and* again, ignoring the fifth, seventh, eighth, and ninth

21    causes of action, and the request for attorneys' fees, the jurisdictional threshold is

22    still satisfied:

23

24 [4] The amount of controversy is *at least* this amount because, as illustrated in

25 connection with each of the computations above, the nearly three month period

26 during which the minimum wage was $7.50 (i.e., October 7, 2007 – December 31, 2007) was ignored.  Moreover, Payless has continuously employed *at least* 2,500

27 Associates during the relevant time span.  The actual number of Associates continuously employed by Payless in California throughout the three years period

28 preceding the filing of this action is closer to 2,600 individuals.

- First Cause of Action = $1,430,000

    (i.e., 143 weeks (x) 1 hour of unpaid minimum wages every four weeks (x) $8.00 (x) 2,500 Associates, then doubled for liquidated damages)

- Second Cause of Action = $1,072,500

    (i.e., 143 weeks (x) 1 hour of unpaid overtime every four weeks (x) $12.00 (x) 2,500 Associates)

- Third Cause of Action = $715,000

    (i.e., 143 weeks (x) 1 rest period violation every four weeks (x) $8.00 (x) 2,500 Associates)

- Fourth Cause of Action = $715,000

    (i.e., 143 weeks (x) 1 meal period violation every four weeks (x) $8.00 (x) 2,500 Associates)

- Sixth Cause of Action = $1,440,000

    (i.e., $1,920 per former Associate (x) 750 Associates)

- **TOTAL = $5,372,500**

28.     While, for the purposes of avoiding removal under the Class Action Fairness Act, Plaintiff could argue that even the assumed frequency of one violation per month is too high, this has to be counterbalanced by the fact that Plaintiff is seeking class certification on behalf of every Associate that has worked for Payless within the four year period preceding the filing of the action for an alleged state-wide pattern and practice of California Labor Code violations. *(See Exhibit A, at ¶¶ 29, 31(B), (C), (E)).* Therefore, any assumption that said violations occurred infrequently or affected only a subset of all the California Associates would undermine the gravamen of the instant action that class certification is warranted. Plaintiff alleges, for example:

NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

- *From at least four (4) years prior to the filing of this action and continuing through the present (the 'liability period'), Defendant has **consistently** failed to pay Plaintiff and the class wages for all hours worked. Among other things, Plaintiff and the class **regularly** worked off-the-clock time and were not compensated for such time. (Exhibit A, at ¶ 13 (emphasis added)).*

- *During the liability period, Plaintiff and class members were not permitted to take rest breaks and meal breaks as required by California law, particularly if the store was busy and/or the Associate was the only employee working. This resulted in Plaintiff and class members **regularly working through rest break and meal periods**. (Exhibit A, at ¶ 23 (emphasis added)).*

- *<u>Superiority of Class Action</u> . . . A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Plaintiffs is not practicable , and questions of law and fact common to Plaintiff's predominate over any questions affecting only individual Plaintiffs. **Each Plaintiff** has been damaged and is entitled to recovery . . . (Exhibit A, at ¶ 31(E) (emphasis added)).*

## PROCESS, PLEADINGS AND ORDERS

29.     Attached hereto as Exhibit "D," is a copy of Payless' Answer to Plaintiff's Unverified Class Action Complaint, which was served and filed with the Superior Court of the State of California in and for the County of Los Angeles, on October 28, 2010, prior to the removal of this action.

46794

11

1        30.    Attached hereto as Exhibit "E" is a copy of the Order of the Los

2   Angeles County Superior Court designation this action as non-complex and

3   reassigning the matter to a new judge, dated October 27, 2010.

4

5        31.    Payless is informed and believes that Exhibits "A," "B," "D,"

6   and "E," constitute all process, pleadings and orders filed and received by Payless

7   in this action.

8

9        32.    On this or the next business day, notice of this removal is being

10  given to Plaintiffs and to the Clerk of the Los Angeles County Superior Court.

11  Copies of these notices are attached hereto as Exhibits "F" and "G" respectively.

12  The proof of service of the Notice to Adverse Party of Removal will be filed with

13  this Court immediately after the Superior Court filing is accomplished and the

14  document is served.

15

16  DATED: November _4_, 2010  HODEL BRIGGS WINTER LLP

17

18                   By: _____

19                        S. SEAN SHAHABI

20

21               Attorneys for Defendant
                  PAYLESS SHOESOURCE, INC.

22

23

24

25

26

27

28

46794

NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

# <u>EXHIBIT A</u>

1   JASON M. WUCETICH (STATE BAR NO. 222113)
    jason@wukolaw.com
2   DIMITRIOS V. KOROVILAS (STATE BAR NO. 247230)
    dimitri@wukolaw.com
3   WUCETICH & KOROVILAS LLP
    222 North Sepulveda Boulevard, Suite 2000
4   El Segundo, CA 90245
5   Telephone:   (310) 335-2001
    Facsimile:   (310) 364-5201
6
7   Attorneys for Plaintiff
    KATRILLA ATKINS, individually and
8   on behalf of all others similarly situated

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   COUNTY OF LOS ANGELES

11

12

13  KATRILLA ATKINS, individually and on     CASE NO.     BC447027
    behalf of all others similarly situated,
14                                           CLASS ACTION COMPLAINT FOR:
                      Plaintiffs,
15                                              1.  Failure to Pay Minimum Wages;
          v.                                    2.  Failure to Pay Mandated Overtime
16                                                  Wages (Labor Code § 510);
    PAYLESS SHOESOURCE, INC., a                 3.  Failure to Provide Adequate Rest
17  Missouri corporation; and DOES 1 through        Breaks (Labor Code § 226.7);
    10,                                         4.  Failure to Provide Adequate Meal
18                                                  Breaks (Labor Code § 226.7);
                      Defendants.               5.  Failure to Pay Business Expenses
19                                                  (Labor Code § 2802);
                                                6.  Waiting Time Penalties;
20                                              7.  Failure to Keep Accurate Payroll
                                                    Records;
21                                              8.  Failure to Furnish Accurate Itemized
                                                    Wage Statements;
22                                              9.  Violation of Business & Professions
                                                    Code § 17200
23

24                                              DEMAND FOR JURY TRIAL

25

26

27

28

                              - 1 -
                      CLASS ACTION COMPLAINT

1    PLAINTIFF KATRILLA ATKINS (hereinafter "Plaintiff") on behalf of herself and all

2  others similarly situated (collectively "Plaintiffs") complains of Defendants, and each of them, as

3  follows:

4    1.    Plaintiff brings this action to vindicate California's labor laws and put a stop to

5  Defendant Payless Shoesource, Inc.'s unlawful treatment of its employees.  In recent years, in an

6  effort to cut costs, Defendant Payless Shoesource, Inc. has, on information and belief, placed

7  immense pressure on its regional and store managers to operate the company's retail stores

8  according to very strictly prescribed budgets.  That pressure has led to Defendant's regional and

9  store managers forcing hourly, non-exempt, clerical employees like Plaintiff — who are all paid

10  at or around the minimum wage — to work excessive hours beyond their assigned shifts without

11  any added compensation.  Defendants' imposition of added hours without additional pay has

12  made Plaintiffs' actual pay rate fall below the legal minimum wage.  In addition, Defendant has

13  failed to pay Plaintiffs premium rates for overtime, deprived them of mandated meal and rest

14  breaks, and generally disregarded many other protections guaranteed under California labor laws

15  in an effort to save the company untold amounts.  Defendant's unlawful treatment of its

16  employees must be stopped.

17                                              **JURISDICTION**

18    2.    This Court has general personal jurisdiction over Defendant Payless Shoesource,

19  Inc. (hereinafter "Payless" or "Defendant") because, at all relevant times, Payless has had

20  systematic and continuous contacts with the State of California.  Payless is registered to do

21  business in California with the California Secretary of State and operates numerous retail outlets

22  throughout California, including many within Los Angeles County.  Furthermore, this Court has

23  specific personal jurisdiction over Payless because the claims in this action all stem from

24  Payless's specific contacts with the State of California — namely, its failure to compensate its

25  California employees in a manner consistent with California's labor laws.

26    3.    Venue is proper in the county of Los Angeles in accordance with Code of Civil

27  Procedure § 395(a) because the alleged wrongs occurred in this county.  Venue is also proper in

28

-2-

1    the Central District pursuant to Code of Civil Procedure § 402(a)(1) and (2) and Los Angeles

2    Superior Court Rule 2(b)(1) because this case is filed as a class action.

<strong><u>PARTIES</u></strong>

4          4.     At all relevant times to this action, Plaintiff Katrilla Atkins was a resident of the

5    County of Los Angeles.  Plaintiff was employed by Payless and/or each DOE defendant

6    (collectively "Defendants") as an Associate from in or around August 2008 through on or about

7    June 17, 2010.  In her capacity as an Associate, Plaintiff's duties included, but were not limited

8    to, assisting customers in Defendant's retail establishments and selling Defendant's merchandise.

9    Plaintiff was paid at or near the minimum wage.  Plaintiff worked at the Payless location at the

10    Antelope Valley Mall in Palmdale, California (Store Number 4365), among other store locations.

11         5.     At all relevant times to this action, Defendant Payless Shoesource, Inc. is and was

12    a Missouri corporation operating and engaging in commerce within the State of California and

13    other states.  Payless' corporate mailing address is believed to be 3231 SE Sixth Street, Topeka,

14    Kansas 66607.

15         6.     Pursuant to California law, Defendant acted as the employer of Plaintiff and all

16    other current and former employees similarly situated.

17         7.     Plaintiff is informed and believes and thereon alleges that each defendant was a

18    parent, agent, subsidiary, affiliated entity and/or alter ego of each other defendant, and acted in all

19    respects pertinent to this agent in concert and carried out a joint scheme, business plan, or policy

20    in all respects regarding the unlawful acts alleged herein.

21         8.     The true names and capacities, whether individual, corporate, associated or

22    whatever else, of the Defendants sued herein as DOES 1 through 10, inclusive, are currently

23    unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code

24    of Civil Procedure § 474.  Plaintiff is informed and believes and thereon alleges that each of the

25    Defendants designated as DOES 1 through 10, inclusive, is legally responsible in some manner

26    for the unlawful acts alleged to herein.  Plaintiff will seek leave of court to amend this Complaint

27    to allege the true names and capacities of the Defendants designated as DOES 1 through 10 when

28    their identities become known.

- 3 -

## FACTUAL BACKGROUND

9.     Defendant Payless is one of the largest footwear retailers in the United States.

10.     Plaintiff is informed and believes that Defendant Payless operates thousands of retail stores throughout the United States.

11.     Plaintiff is informed and believes that Defendant Payless operates and/or operated more than 500 retail stores in California during the statutory period relevant to this action.

12.     Plaintiff and the putative class defined below are or were employed by Defendants as non-exempt employees pursuant to the applicable Wage Order of the IWC, including Wage Order 4-2001.

13.     From at least four (4) years prior to the filing of this action and continuing through the present (the "liability period"), Defendant has consistently failed to pay Plaintiff and the class wages for all hours worked. Among other things, Plaintiff and the class regularly worked off-the-clock time and were not compensated for such time.

14.     During the liability period, as alleged herein, Defendant violated California minimum wage laws.

15.     During the liability period, Defendant required Plaintiff and members of the putative class defined below to work in excess of eight (8) hours in a day and/or forty (40) hours in a week, but Plaintiff and class members were not properly compensated for this time as overtime compensation at premium overtime rates in compliance with Labor Code § 510 and the relevant IWC Wage Orders.

16.     During the liability period, Defendant failed to provide Plaintiff and class members with paid rest breaks of not more than ten (10) minutes for every work period of four (4) or more consecutive hours. Defendant also did not pay Plaintiff and the class members "premium pay," i.e. one hour of wages at the employee's regular rate, for each day on which requisite rest breaks were not provided or were deficiently provided, as required by Labor Code § 226.7.

17.     During the liability period, Defendant required Plaintiff and members of the class to work shifts in excess of five (5) hours without providing them uninterrupted meal periods of

- 4 -

1    not more than thirty (30) minutes; nor did Defendant pay Plaintiff and class members premium

2    pay for each meal period not provided or deficiently provided. as outlined in Labor Code § 226.7.

3        18.      During the liability period, Defendant has consistently failed to provide Plaintiff

4    and class members with timely, accurate, and itemized wage statements in writing, as required by

5    California law.

6        19.      During the liability period, Defendant has consistently failed to pay all wages due

7    and owing to Plaintiff and class members at the time of their termination or within seventy-two

8    (72) hours of their resignation or discharge from employment, as required by California wage and

9    hour laws.

10       20.      Throughout their employment with Defendant, Plaintiff and class members

11    believed that they were not allowed to receive compensation, including but not limited to, regular

12    compensation and over-time pay for the following: (1) Time spent traveling between stores

13    during working hours when they were required to work at more than one Payless store in the

14    same day; (2) Time spent corresponding with managers and other supervisors via telephone

15    and/or text message while not clocked in; (3) Working off-the-clock during break periods; (4)

16    Working off-the-clock during meal periods: (5) Working off-the-clock beyond eight (8) hours in a

17    day, including but not limited to work days during busy weekends. holiday periods. and assisting

18    managers with audits.

19       21.      Plaintiff and class members were informed and believed based on the behavior of

20    managers and/or other supervisors that managers were under pressure to stay within store payroll

21    allowances.

22       22.      Throughout their employment with Defendant, Plaintiff and class members were

23    asked to stay after hours and work off-the-clock, without proper compensation, to ensure that

24    required work at the store was completed.

25       23.      During the liability period, Plaintiff and class members were not permitted to take

26    rest breaks and meal breaks as required by California law. particularly if the store was busy

27    and/or the Associate was the only employee working. This resulted in Plaintiff and class

28    members regularly working through rest break and meal periods.

- 5 -

1        24.    Plaintiff and class members were also not reimbursed for business expenses such

2    as their mileage and/or gas for traveling from store to store in personal vehicles when required to

3    work at more than one Payless store location in the same day.

4        25.    Defendant failed to keep accurate time records for all time worked by Plaintiff and

5    class members.

6        26.    Defendant's actions were intentional, knowing and willful.

7        27.    In light of the alleged facts, Plaintiff brings this action on behalf of herself and all

8    others similarly situated, pursuant to Labor Code §§ 201, 202, 203, 204, 226, 510, 512, 558, and

9    1194, as well as any other applicable statute or wage order.

10        28.    Furthermore, pursuant to Business and Professions Code §§ 17200-17208,

11    Plaintiff on her own behalf and on behalf of all those similarly situated, seeks injunctive relief,

12    restitution, and disgorgement of all benefits Defendant has enjoyed from their violations of the

13    Labor Code.

14    **CLASS-ACTION ALLEGATIONS**

15        29.    Plaintiff brings this action on behalf of herself and all other similarly situated

16    persons pursuant to California Code of Civil Procedure § 382.  Plaintiff seeks to represent a class

17    defined as follows:

18
19        All current or former employees who are or, at any time four (4) years prior to the
      filing of this action, have been employed as an Associate by Payless within the
      State of California.
20

21        30.    Plaintiff reserves the right under California Rule of Court 3.765 to amend or

22    modify the class description with greater particularity or further division into subclasses or

23    limitation to particular issues.

24        31.    This action has been brought and may be maintained as a class action under

25    California Code of Civil Procedure Section 382 because there is a well-defined community of

26    interest in the litigation and the proposed class is easily ascertainable, as described further below:

27        A.    Numerosity: The potential members of the class as defined are so

28    numerous that joinder of all members of the class is impracticable.  While

- 6 -

1    the precise number employees has not been determined, Plaintiff believes

2    that Defendant employed at least hundreds of Associates within the State of

3    California during the relevant time period.

4    B.    Commonality: There are questions of law and fact common to the Plaintiff

5          and the class that predominate over any questions affecting only the

6          individual members of the class.  The common questions of law and fact

7          include, but are not limited to, the following:

8          (1)    Whether Defendant failed to pay Plaintiff and the class for all hours

9                 worked;

10         (2)    Whether Defendant failed to comply with California minimum

11                wage laws;

12         (3)    Whether Defendant failed to pay Plaintiff and the class overtime

13                compensation, as required by California law:

14         (4)    Whether Defendant required Plaintiff and the class to work off-the-

15                clock without compensation;

16         (5)    Whether Defendant maintained a computerized time recording

17                system that automatically clocked Plaintiff and class members in

18                and out at predetermined, set time intervals reflecting their assigned

19                shifts, regardless of time actually worked by Plaintiff and class

20                members;

21         (6)    Whether Defendant violated Labor Code § 226.7 and applicable

22                IWC Wage Orders, by failing to provide Plaintiff and the class rest

23                breaks on days where Plaintiff and class members worked more

24                than four (4) or more consecutive hours without paying one (1)

25                hour of wages at the employee's regular rate of pay in lieu of each

26                day that the requisite rest breaks were not provided or were

27                deficiently provided;

28

- 7 -

1         (7)     Whether Defendant violated Labor Code §§ 226.7 and 512, and the

2               applicable IWC Wage Orders, by failing to provide Plaintiffs with a

3               compliant meal period on days when they worked in excess of five

4               (5) hours without paying one (1) hour of wages at the employee's

5               regular rate in lieu of each meal period not provided or deficiently

6               provided;

7         (8)     Whether Defendant violated Labor Code § 226(a);

8         (9)     Whether Defendant failed to reimburse Plaintiffs for business

9               expenses necessary to do the job;

10       (10)    Whether Defendant violated Labor Code §§ 201-203 by failing to

11             pay employees wages and compensation due and owing at the time

12             of termination;

13       (11)    Whether Defendant has been unjustly enriched;

14       (12)    Whether Plaintiffs are entitled to injunctive relief.

15    C.    Typicality. The claims of the named Plaintiff are typical of the claims of

16       the class members. Plaintiff and all other similarly situated employees

17       sustained injuries and damages arising out of and caused by Defendant's

18       common course of conduct in violation of statutes, as well as regulations

19       that have the force and effect of law, as alleged herein.

20    D.    Adequacy of Representation. Plaintiff will fairly and adequately represent

21       the interests of the Plaintiffs. Counsel who represent Plaintiffs are

22       experienced and competent in litigating employment class actions, as well

23       as various other types of complex and class litigation.

24    E.    Superiority of Class Action. A class action is superior to other available

25       means for the fair and efficient adjudication of this controversy. Individual

26       joinder of all Plaintiffs is not practicable, and questions of law and fact

27       common to Plaintiffs predominate over any questions affecting only

28       individual Plaintiffs. Each Plaintiff has been damaged and is entitled to

- 8 -

1    recovery by reason of Defendant's illegal policies or practices of failing to

2    compensate Plaintiffs properly.  Class action treatment will allow those

3    similarly situated persons to litigate their claims in the manner that is most

4    efficient and economical for the parties and the judicial system.

5                    **FIRST CAUSE OF ACTION**

6                    (FAILURE TO PAY MINIMUM WAGES)

7        32.    Plaintiff incorporates paragraphs 1 through 31 as though fully set forth herein.

8        33.    Plaintiff's and class members' purported hourly rate of pay set by Defendant

9    Payless was at or near the minimum wage.

10       34.    Defendant required workers, including Plaintiff and class members, to work off-

11   the-clock without any added compensation and did not pay Plaintiff and class members for all

12   hours worked.  This resulted in Plaintiff's and class members' actual hourly rate for all time

13   worked falling below the prescribed minimum wage.

14       35.    The applicable minimum wages for workers such as Plaintiff and class members is

15   found in Industrial Commission Wage Order 4, which states: "Every employer shall pay to each

16   employee wages not less than seven dollars and fifty cents ($7.50) per hour for all hours worked

17   effective January 1, 2007, and not less than eight dollars ($8.00) per hour for all hours worked,

18   effective January 1, 2008..."

19       36.    Through their conduct alleged herein, Defendants violated California Labor Code

20   (and the relevant orders of the Industrial Welfare Commission) by failing to pay Plaintiff and

21   class members all wages due, including the minimum wage, as required by California law.

22       37.    As a direct and proximate result of the acts and/or omissions of each Defendant,

23   Plaintiff and class members have been deprived of wages due, including the minimum wages, in

24   amounts to be determined at trial.

25       38.    Defendant's failure to comply with the Labor Code and relevant wage orders was

26   intentional and willful.

27       39.    Pursuant to California law, including but not limited to Labor Code § 1194 et seq.

28   and the applicable wage order, as a result of Defendant's failure to pay Plaintiff and class

                                    - 9 -

1   members for the time they worked, Defendant owes Plaintiff and the class minimum wages and

2   other damages.  Accordingly, Plaintiffs are entitled to the unpaid minimum wages due, and are

3   also entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully

4   unpaid, plus interest thereon, reasonable attorney's fees, and costs of suit.

5   **SECOND CAUSE OF ACTION**

6   (FAILTURE TO PAY OVERTIME WAGES)

7   40.   Plaintiff incorporates paragraphs 1 through 39 as though fully set forth herein.

8   41.   Through their conduct alleged herein, Defendant violated California Labor Code

9   § 510 (and the relevant orders of the Industrial Welfare Commission) by failing to pay Plaintiff

10   and class members for all time worked.  More specifically, Defendant did not pay Plaintiff and

11   class members time and one half their regular hourly rates for hours worked in excess of eight (8)

12   hours in one working day, or for those hours worked in excess of forty (40) hours during any one

13   work week; or (b) twice their regular rate of pay for hours worked in excess of twelve (12) hours

14   in any one (1) day.

15   42.   Defendant did not pay Plaintiff and class members for all hours worked and

16   required workers to work off-the-clock without compensation.  During the liability period,

17   Plaintiff and class members worked off-the-clock and were never compensated for such time.

18   43.   Defendant's failure to pay compensation in a timely manner constitutes a violation

19   of California Labor Code § 204, which requires all wages to be paid in semimonthly payments.

20   From the four (4) years prior to the filing of this lawsuit to the present, Defendant has failed to

21   pay all owed compensation and overtime earned by Plaintiff and class members.  Each such

22   failure to make a timely payment of compensation constitutes a separate violation of Labor Code

23   § 204.

24   44.   Plaintiffs have been damaged by Defendant's violation of Labor Code §§ 204 and

25   510, and the relevant order of the Industrial Welfare Commission.

26   45.   Defendant's failure to comply with the Labor Code and relevant wage orders was

27   intentional and willful.

28

- 10 -

46.    Pursuant to Labor Code §§ 204, 510 and 1194, as well as the relevant orders of the Industrial Welfare Commission, Defendant is liable to Plaintiffs for the full amount of unpaid wages, overtime compensation, with interest, reasonable attorneys' fees, costs of suit, and liquidated damages.

**THIRD CAUSE OF ACTION**

(REST BREAK LIABILITY UNDER LABOR CODE § 226.7)

47.    Plaintiff incorporates paragraphs 1 through 46 as though fully set forth herein.

48.    California Labor Code § 226.7 and the applicable wage order provide that employees must be authorized and permitted to take rest breaks at a rate of ten (10) minutes per four (4) hours of work, or major fraction thereof, during which time the employer shall not require employees to work.

49.    Plaintiff and class members consistently worked consecutive four (4) hour shifts and/or shifts greater than four (4) hours.

50.    Defendant failed to provide Plaintiff and class members with timely rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift, or fraction thereof. Plaintiff and class members were regularly required to work through rest periods. Moreover, Defendant did not provide Plaintiff and class members with premium pay pursuant to Labor Code § 226.7 for non-compliance.

51.    Pursuant to Labor Code § 226.7, Plaintiff and class members are entitled to damages in an amount of one (1) hour of wages at their regular rates of pay for each day worked without a rest break that was in compliance with the Labor Code.

**FOURTH CAUSE OF ACTION**

(MEAL PERIOD LIABILITY UNDER LABOR CODE § 226.7)

52.    Plaintiff incorporates paragraphs 1 through 51 as though fully set forth herein.

53.    California Labor Code § 226.7 and the applicable wage order require that employees must be provided full and uninterrupted thirty (30) minute off-duty meal periods, including a timely first meal period of not less than thirty (30) minutes before working more than

- 11 -

1  five (5) hours in a work day, and a second meal period of not less than thirty (30) minutes before

2  working more than ten (10) hours in a work day.

3      54.    Plaintiff and class members regularly worked consecutive five (5) hour shifts

4  and/or shifts greater than five (5) hours.

5      55.    Defendant failed to provide employees with meal periods as described above and

6  required under the Labor Code.  Plaintiff and class members were regularly required to work

7  through meal periods and/or were not permitted to take full, uninterrupted thirty (30) minute meal

8  periods as required by law; nor did Plaintiffs receive premium pay pursuant to Labor Code §

9  226.7 for non-compliance.

10      56.    Pursuant to Labor Code § 226.7, Plaintiff and class members are entitled to

11  damages in an amount of one (1) hour of wages at their regular rates of pay for each day worked

12  without a meal period that was in compliance with the Labor Code.

13  **FIFTH CAUSE OF ACTION**

14  (FAILURE TO PAY BUSINESS EXPENSES UNDER LABOR CODE § 2802)

15      57.    Plaintiff incorporates paragraphs 1 through 56 as though fully set forth herein.

16      58.    Labor Code § 2802 provides that "An employer shall indemnify his or her

17  employee for all necessary expenditures or losses incurred by the employee in direct consequence

18  of the discharge of his or her duties, or of his or her obedience to the directions of the employer,

19  even though unlawful, unless the employee, at the time of obeying the directions, believed them

20  to be unlawful."

21      59.    Labor Code § 2802 requires Defendant to reimburse Plaintiff and class members

22  for expenses incurred in the performance of their job duties, which include but are not limited to,

23  vehicle usage and mileage reimbursement.

24      60.    During the liability period, Defendant failed to reimburse Plaintiff and class

25  members for vehicle usage and mileage reimbursement.  As alleged above, Plaintiff and class

26  members worked at more than one Payless location on the same day and were not paid for vehicle

27  usage and mileage reimbursement.

28

- 12 -

CLASS ACTION COMPLAINT

61.     As a proximate result of the aforementioned, Plaintiff and class members have been damaged in an amount to be proven at trial.

62.     Pursuant to Labor Code § 2802, Plaintiff and class members are entitled to recover from Defendant the full amount of business expenses and losses incurred, plus interest, reasonable attorneys' fees, penalties and costs of suit.

## SIXTH CAUSE OF ACTION

### (WAITING TIME PENALTIES)

63.     Plaintiff incorporates paragraphs 1 through 62 as though fully set forth herein.

64.     On or about June 17, 2010, Plaintiff was discharged from employment at Payless.

65.     At the time of discharge, Defendant failed to pay Plaintiff for all wages, including overtime wages, earned and owed.  Defendant's failure to pay this compensation was willful.

66.     Labor Code § 201 requires an employer who discharges an employee to pay compensation due and owing to the employee within seventy-two (72) hours of that employee's termination or resignation.  Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Labor Code §§ 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) days.

67.     Plaintiff and class members are informed and believe that Defendant similarly failed and refused, and continues to fail and refuse, to timely pay at the time of discharge all compensation and wages, including unpaid off-the-clock time, overtime, meal period pay and/or rest break pay, at the correct pay rates, to Plaintiff and other similarly situated former employees terminated by Defendant in California.

68.     As a result of Defendant's unlawful acts, Plaintiff and class members who are no longer employed by Defendants are entitled to waiting time penalties, plus interest, reasonable attorneys' fees, and costs.

## SEVENTH CAUSE OF ACTION

### (FAILURE TO KEEP ACCURATE PAYROLL RECORDS)

69.     Plaintiff incorporates paragraphs 1 through 68 as though fully set forth herein.

- 13 -

1      70.    Labor Code § 1174(d) states that "Every person employing labor in this state shall:

2  ... (d) Keep, at a central location in the state or at the plants or establishments at which employees

3  are employed, payroll records showing the hours worked daily by and the wages paid to, and the

4  number of piece-rate units earned by and any applicable piece rate paid to, employees employed

5  at the respective plants or establishments.  These records shall be kept in accordance with rules

6  established for this purpose by the commission, but in any case shall be kept on file for not less

7  than two years."

8      71.    IWC Wage Order 4-2001, §§ 7(A) and (D) and 8 Cal. Code Reg. § 11040 provide

9  that, for at least three (3) years, every employer shall keep accurate information with respect to

10  each employee including the following:

11      (3)    Time records showing when the employee begins and ends each work
12      period.  Meal periods, split shift intervals and total daily hours worked shall also
      be recorded.  Meal periods during which operations cease and authorized rest
13      periods need not be recorded.

14      (4)    Total wages paid each payroll period, including value of board, lodging, or
      other compensation actually furnished to the employee.
15

16      (5)    Total hours worked in the payroll period and applicable rates of pay.  This
      information shall be made readily available to the employee upon reasonable
17      request.

18      72.    Defendant knowingly and intentionally failed to keep accurate payroll records for

19  Plaintiffs in compliance with the aforementioned laws and regulations.

20      73.    As a result of Defendant's unlawful acts, Defendant is subject to civil penalties,

21  attorneys' fees and costs to Plaintiffs pursuant to Labor Code § 1174.5, 8 Cal. Code Reg. §

22  11040, and/or IWC Wage Order No. 4-2001 § 20.

23                  **EIGHTH CAUSE OF ACTION**

24      (FAILURE TO FURNISH ACCURATED ITEMIZED WAGE STATEMENTS)

25      74.    Plaintiff incorporates paragraphs 1 through 73 as though fully set forth herein.

26      75.    Labor Code Section 226(a), and the applicable wage order, requires an employer

27  to furnish each of his employees with an accurate, itemized statement in writing showing the

28  gross and net earnings, total hours worked, and the corresponding number hours worked at each

1  hourly rate; these statements must be appended to the detachable part of the check, draft, voucher,

2  or whatever else serves to pay the employee's wages; or, if wages are paid by cash or personal

3  check, these statements may be given to the employee separately from the payment of wages; in

4  either case the employer must give the employee these statements twice per month or each time

5  wages are paid.

6       76.    Defendant failed to provide Plaintiffs with accurate itemized wage statements in

7  writing, as required by the Labor Code and applicable wage order.

8       77.    As a direct and proximate cause of Defendant's violations of Labor Code § 226(a)

9  and applicable wage order, Plaintiffs suffered injuries.

10       78.    Pursuant to Labor Code §§ 226(a) and 226(e), Plaintiffs are entitled to recover the

11  greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation

12  occurs and one hundred ($100) for each violation in a subsequent pay period, not exceeding an

13  aggregate penalty of four thousand dollars ($4,000). Plaintiffs are also entitled to reasonable

14  attorneys' fees and costs.

15  **NINTH CAUSE OF ACTION**

16  (VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200)

17       79.    Plaintiff incorporate paragraphs 1 through 78 as though fully set forth herein.

18       80.    Plaintiff, on behalf of herself and others similarly situated, brings this claim

19  pursuant to Business & Professions Code § 17200. The conduct of Defendant, as alleged in this

20  Complaint, has been and continues to be unfair, unlawful, and harmful to the Plaintiff and general

21  public. Plaintiff seeks to enforce important rights affecting the public pursuant to Code of Civil

22  Procedure § 1021.5.

23       81.    Plaintiff is a "person" within the meaning of Business & Professions Code §

24  17204, has suffered injury, and therefore has standing to bring this action for injunctive relief,

25  restitution, and other equitable relief.

26       82.    California wage and hour law express fundamental and important public policies

27  of this state. Paying employees for all time worked and providing them with meal and rest breaks

28  are fundamental public policies of California. Labor Code § 90.5 articulates that it is the public

- 15 -

policy of this state to vigorously enforce minimum labor standards, to ensure that employees are
not required or permitted to work under substandard and unlawful conditions, and to protect law-
abiding employers and their employees from competitors who lower costs to themselves by
failing to comply with minimal labor standards.

83.     Throughout the relevant liability period as alleged herein, through its conduct,
Defendant has violated California labor laws and public policies, and has engaged in unlawful
and unfair business practices in violation of Business & Professions Code § 17200 *et seq.*, which
have deprived Plaintiff and class members of the rights, benefits and privileges guaranteed under
the law.

84.     Defendant's conduct as alleged herein, including but not limited to, failing to pay
for off-the-clock work, failing to pay overtime compensation, failing to provide meal and rest
breaks in compliance with labor laws, and failing to reimburse business expenses, constitutes
unfair competition in violation of Business & Professions Code § 17200 *et seq.*

85.     As a proximate result of Defendant's conduct, as alleged in this Complaint,
Plaintiff and class members have been damaged in a sum to be proven at trial.

86.     Unless restrained by the Court, Defendant will continue to engage in the unlawful
conduct alleged herein. Pursuant to the Business & Professions Code, this Court should make
such orders as necessary to prevent the continued unlawful acts including, but not limited to
disgorgement of profits which may be necessary to restore Plaintiffs and others similarly situated
to the wages and/or penalties Defendant has failed to pay their employees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays, on behalf of herself and all others similarly situated, for
relief and judgment against Defendant, as follows:

#### Class Certification

1.      That this action be certified as a class action;

2.      That Plaintiff be appointed as the representative of the class;

3.      That counsel for Plaintiff be appointed class counsel;

- 16 -

CLASS ACTION COMPLAINT

1    4.    That Defendant provide to class counsel, immediately upon appointment, the

2    names and most current contact information (address and telephone number) of all class

3    members.

4                          On the Causes of Action

5    5.    For compensatory damages in the amount of the hourly wage made by Plaintiff

6    and class members for all hours worked without pay during the liability period, as may be proven;

7    6.    For all unpaid overtime owed to Plaintiff and class members during the liability

8    period, as may be proven;

9    7.    For compensatory damages in the amount of the hourly wage made by Plaintiff

10   and class members for each day that they were not provided with rest breaks or were provided

11   with deficient rest breaks without being provided premium pay during the liability period, as may

12   be proven;

13   8.    For compensatory damages in the amount of the hourly wage made by Plaintiff

14   and class members for each meal period not provided or deficiently provided where premium pay

15   was not provided during the liability period, as may be proven;

16   9.    For penalties pursuant to Labor Code § 226(e) for Plaintiff and class members, as

17   may be proven;

18   10.   For penalties pursuant to Labor Code § 203 for Plaintiff and class members who

19   quit, fired, laid off, or otherwise terminated in an amount equal to their daily wage times thirty

20   (30) days, as may be proven;

21   11.   For any other special or general damages available under the law or any applicable

22   wage order;

23   12.   For liquidated damages and/or penalties allowed under the California Labor Code

24   and/or as permitted by law;

25   13.   For restitution for unfair competition pursuant to Business & Professions Code §

26   17200, including disgorgement of profits, as may be proven;

27   14.   For an order requiring Defendant and their agents, servants, and employees, and all

28   persons acting under, in concert with, or for them, to pay Plaintiff and class members wages

- 17 -

1  earned for all hours worked, to pay them overtime compensation as required by law, to provide

2  them with meal periods and rest breaks or premium pay in lieu of deficient meal periods or rest

3  breaks, to provide them with itemized pay statements as required by law, and to pay all class

4  members wages due and owing at the time of discharge, as required by law;

5       15.    Reimbursement for all business expenses that were incurred and necessary for the

6  performance of the job;

7       16.    For an award of pre-judgment and post-judgment interest;

8       17.    For an award providing for the payment of the costs of this suit;

9       18.    For an award of reasonable attorneys' fees pursuant to Labor Code §§ 218.5, 226,

10  1194 and/or any other applicable law or wage order;

11       19.    That the Court preliminarily and permanently enjoin Defendants from unlawful

12  conduct pursuant to Business & Professions Code § 17200, *et seq.*, and/or any other applicable

13  law, and/or provide other injunctive relief; and

14       20.    That the Court award such other and further relief as this Court may deem proper

15  and just.

16  Dated: October 7, 2010                 WUCETICH & KOROVILAS LLP

17

18                             By:

19                                JASON M. WUCETICH

20                            Attorneys for Plaintiff Katrilla Atkins,

21                         individually and on behalf of and all

                           others similarly situated

22

23

24

25

26

27

28

- 18 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff Katrilla Atkins, for herself and all others similarly situated, hereby demands a trial by jury on all issues of fact or law so triable.

Dated: October 7, 2010

WUCETICH & KOROVILAS LLP

By: _____

JASON M. WUCETICH
Attorneys for Plaintiff Katrilla Atkins,
individually and on behalf of and all
others similarly situated

- 19 -

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| — Jason M. Wucetich (SBN 222113); Dimitrios V. Korovilas (SBN 247230) WUCETICH & KOROVILAS LLP 222 N. Sepulveda Boulevard, Suite 2000 El Segundo, CA 90245 | CONFORMED COPY Superior Court of California County |

TELEPHONE NO.: (310) 335-2001   FAX NO.: (310) 364-5201

ATTORNEY FOR (Name): Katrilla Atkins

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles

OCT 07 2010

John A. Clarke, Executive Officer/Clerk

By _____ Deputy
RUCENA H. DIZ

STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

**CASE NAME:**
Katrilla Atkins, et al. v. Payless Shoesource, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **BC447027** |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 9
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 7, 2010

Jason M. Wucetich
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

**CIVIL CASE COVER SHEET**

**BC 447027**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Katrilla Atkins, et al v Payless Shoesource, Inc., et al | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 15-20  ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps -- If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**
>
> 1. Class Actions must be filed in the County Courthouse, Central District.
> 2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
> 3. Location where cause of action arose.
> 4. Location where bodily injury, death or damage occurred.
> 5. Location where performance required or defendant resides.
> 6. Location of property or permanently garaged vehicle.
> 7. Location where petitioner resides.
> 8. Location wherein defendant/respondent functions wholly.
> 9. Location where one or more of the parties reside.
> 10. Location of Labor Commissioner's Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos  (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109  (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0

Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Katrilla Atkins, et al v Payless Shoesource, Inc., et al | |

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| **Professional Negligence (25)** | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| **Other (35)** | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Wrongful Termination (36)** | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| **Other Employment (15)** | ☑ A6024  Other Employment Complaint Case | ①, 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Breach of Contract/Warranty (06)<br>(not insurance)** | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| **Collections (09)** | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| **Insurance Coverage (18)** | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| **Other Contract (37)** | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Eminent Domain/Inverse Condemnation (14)** | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| **Wrongful Eviction (33)** | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| **Other Real Property (26)** | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer-Commercial (31)** | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| **Unlawful Detainer-Residential (32)** | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| **Unlawful Detainer-Drugs (38)** | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Asset Forfeiture (05)** | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| **Petition re Arbitration (11)** | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

Left margin vertical labels: Non-Personal Injury/Property Damage/Wrongful Death Tort (Cont'd.) | Employment | Contract | Real Property | Unlawful Detainer | Judicial Review

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Katrilla Atkins, et al v Payless Shoesource, Inc., et al | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition. | 2., 3., 9.<br>2., 3., 9<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE: Katrilla Atkins, et al v Payless Shoesource, Inc., et al | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br><br>☒1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 1233 W. Avenue P, Ste. 537 |
|---|---|
| CITY: Palmdale | STATE: CA | ZIP CODE: 93551 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: October 7, 2010

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

### PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

# EXHIBIT B

10/8/10
4:75

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PAYLESS SHOESOURCE. INC., a Missouri corporation;
and DOES 1 through 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KATRILLA ATKINS, individually and on behalf
of all others similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 07 2010

John A. Clarke, Executive Officer/Clerk,
By _____, Deputy
RUGENA LOPEZ

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court<br><br>111 North Hill Street, Los Angeles, California 90012 | CASE NUMBER<br>*(Número del Caso)*<br>**BC447027** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jason M. Wucetich. Esq. 222 N. Sepulveda Boulevard, Suite 2000, El Segundo, CA; (310) 335-2001

| DATE:<br>*(Fecha)* | | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|
| | | | RUGENA LOPEZ |

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):*  .. PAYLESS SHOESOURCE, INC.   A MISSOURI CORPORATION

   under: [X] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [X] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT C

 **CT Corporation**

**Service of Process Transmittal**
10/08/2010
CT Log Number 517416133

TO:     Michelle Holmer
        Collective Brands, Inc
        3231 SE Sixth Avenue
        Topeka, KS 66607-

RE:     **Process Served in California**

FOR:    Payless ShoeSource, Inc. (Domestic State: MO)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Katrilla Atkins, individually and on behalf of all others similarly situated, Pltf. vs. Payless Shoesource, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Demand for Jury Trial, Cover Sheet, Instructions, Cover Sheet Addendum and Statement, Notice, Attachment(s) |
| **COURT/AGENCY:** | Los Angeles County, Superior Court, Hill Street, CA Case # BC447027 |
| **NATURE OF ACTION:** | Employee Litigation – Class Action - Failure to pay minimum wages, pay mandated over time wages and provide adequate rest and meal breaks |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/08/2010 at 11:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Jason M. Wucetich Wucetich & Korovilas LLP 222 North Sepulveda Boulevard Suite 2000 El Segundo, CA 90245 310 335 2001 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex Priority Overnight , 791608566259 Image SOP Email Notification, Michelle Holmer Michelle_Holmer@payless.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / JC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# **<u>EXHIBIT D</u>**

1 | GLENN L. BRIGGS (SB# 174497)
Email: gbriggs@hbwllp.com
2 | S. SEAN SHAHABI (SB# 204710)
Email: sshahabi@hbwllp.com
3 | BETH C. KEARNEY (SB# 234716)
Email: bkearney@hbwllp.com
4 | HODEL BRIGGS WINTER LLP
8105 Irvine Center Drive, Suite 1400
5 | Irvine, CA 92618
Telephone:   (949) 450-8040
6 | Facsimile:   (949) 450-8033

7 | Attorneys for Defendant
PAYLESS SHOESOURCE, INC.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 28 2010

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
DAWN ALEXANDER

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| KATRILLA ATKINS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PAYLESS SHOESOURCE, INC., a Missouri corporation; and DOES 1 through 10, Inclusive,<br><br>Defendants. | CASE NO. BC 447027<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT**<br><br>Complaint Filed: Oct. 7, 2010 |

COPY

76683

Defendant Payless ShoeSource, Inc. (hereinafter, "Defendant") answers the unverified Class Action Complaint ("Complaint") of Plaintiff Katrilla Atkins (hereinafter, "Plaintiff"), as follows:

## **GENERAL DENIAL**

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies generally and specifically each and every allegation in the Complaint. Defendant further denies, generally and specifically, that Plaintiff is entitled to the relief requested, or that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission on the part of Defendant, or any of its past or present agents, representatives, or employees, acting in the course and scope of their employment.

### FIRST AFFIRMATIVE DEFENSE

1.    The Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

2.    The Complaint, and each and every purported cause of action contained therein, is barred in whole or in part by the applicable statute of limitations, including but not limited to California Code of Civil Procedure Sections 337, 338, 339, 340, and 343; California Labor Code Section 203; and California Business and Professions Code Section 17208.

### THIRD AFFIRMATIVE DEFENSE

3.    Plaintiff's purported cause of action for violations of California Business and Professions Code Section 17200, et seq., is barred because provisions of Section 17200, et seq., violate the Due Process clause and the Takings Clause of the Fifth

46688

1

1   Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to

2   the United States Constitution and Article I, Section 19 of the California Constitution.

3

4                          FOURTH AFFIRMATIVE DEFENSE

5          4.   Plaintiff's purported cause of action for violations of California

6   Business and Professions Code Section 17200, et seq., is barred because Plaintiff, as a

7   private litigant, lacks standing to bring a claim for damages under California Business and

8   Professions Code Section 17203.

9

10                          FIFTH AFFIRMATIVE DEFENSE

11          5.   Plaintiff's purported cause of action for violations of California

12   Business and Professions Code Section 17200, et seq., is barred because the alleged

13   unlawful business practices, if any, are not unlawful.

14

15                          SIXTH AFFIRMATIVE DEFENSE

16          6.   Plaintiff's purported cause of action for violations of California

17   Business and Professions Code Section 17200, et seq., is barred because the alleged unfair

18   business practices, if any, are not unfair within the meaning of Business and Professions

19   Code Section 17200, et seq.

20

21                         SEVENTH AFFIRMATIVE DEFENSE

22          7.   The Complaint, and each and every purported cause of action

23   contained therein, is not proper for treatment as a class action because, among other

24   reasons:  (a) Plaintiff is an inadequate representative of the purported class; (b) Plaintiff

25   cannot establish commonality of claims; (c) Plaintiff cannot establish typicality of

26   claims; and (d) the individualized nature of Plaintiff's claims makes class treatment

27   inappropriate.

28

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT

1

### EIGHTH AFFIRMATIVE DEFENSE

2         8.    The Complaint, and each and every purported cause of action

3 contained therein, is barred in whole or in part by the doctrine of unclean hands.

4

5

### NINTH AFFIRMATIVE DEFENSE

6         9.    The Complaint, and each and every purported cause of action

7 contained therein, is barred in whole or in part by the doctrine of waiver.

8

9

### TENTH AFFIRMATIVE DEFENSE

10        10.    The Complaint, and each and every purported cause of action

11 contained therein, is barred in whole or in part by the doctrine of estoppel.

12

13

### ELEVENTH AFFIRMATIVE DEFENSE

14        11.    The Complaint, and each and every purported cause of action

15 contained therein, is barred in whole or in part by the *de minimis* doctrine.

16

17

### TWELFTH AFFIRMATIVE DEFENSE

18        12.    The Complaint, and each and every purported cause of action

19 contained therein, is barred to the extent Plaintiff and those similarly situated, if any,

20 consented to any alleged activity or conduct.

21

22

### THIRTEENTH AFFIRMATIVE DEFENSE

23        13.    Plaintiff and those similarly situated, if any, have failed to mitigate

24 their damages and, to the extent of such failure, any damages awarded should be reduced

25 accordingly.

26

27

28

46688

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT

1

## FOURTEENTH AFFIRMATIVE DEFENSE

2        14.    Plaintiff and those similarly situated, if any, are barred from

3  recovering penalties pursuant to California Labor Code Section 203 because: (a) Plaintiff

4  has failed to plead facts sufficient to support allegations of willfulness; and (b) neither

5  Defendant nor any agent or employee of Defendant acted willfully in failing to pay wages

6  due, if any, to employees who terminated their employment with Defendant.

7

8

## FIFTEENTH AFFIRMATIVE DEFENSE

9        15.    Plaintiff's claims for penalties pursuant to California Labor Code

10  Section 203 are barred, in whole or in part, because Defendant had a reasonable, honest

11  and good faith belief that all of the wages earned by Plaintiff and those similarly situated,

12  if any, had been paid to Plaintiff and those similarly situated, if any, in a timely and lawful

13  manner at the time they were owed.

14

15

## SIXTEENTH AFFIRMATIVE DEFENSE

16        16.    Although Defendant denies that it has committed or has responsibility

17  for any act that could support the recovery of civil penalties in this lawsuit, if and to the

18  extent any such act or responsibility is found, recovery of civil penalties against

19  Defendant is unconstitutional under numerous provisions of the United States Constitution

20  and the California Constitution, including the excessive fines clause of the Eighth

21  Amendment, the due process clauses of the Fifth Amendment and Section 1 of the

22  Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other

23  provisions of the United States Constitution, and the excessive fines clause of Section 17

24  of Article I, the due process clause of Section 7 of Article I, the self-incrimination clause

25  of Section 15 of Article I, and other provisions of the California Constitution.

26

27

28

46688

4

SEVENTEENTH AFFIRMATIVE DEFENSE

17.    The Court has no jurisdiction over the subject matter of the Complaint, or parts thereof, because Plaintiff has failed to exhaust her administrative remedies.

EIGHTEENTH AFFIRMATIVE DEFENSE

18.    To the extent alleged members of the putative class and/or representative action have signed a release encompassing claims alleged in the Complaint, their claims are barred by that release.

NINETEENTH AFFIRMATIVE DEFENSE

19.    If Plaintiff is entitled to recover against Defendant for any damages alleged in the Complaint, such recovery against Defendants must be offset to the extent any amounts are owed by Plaintiff to Defendant.

TWENTIETH AFFIRMATIVE DEFENSE

20.  The Complaint and each purported cause of action therein asserted against Defendant are barred because Plaintiff has not been injured as a result of Defendant's alleged conduct.

TWENTY-FIRST AFFIRMATIVE DEFENSE

21.  Plaintiff and those similarly situated, if any, are not entitled to damages under the applicable Labor Code Sections and/or Industrial Welfare Commission Wage Order(s) because they were at all times authorized and permitted to take their meal and rest periods but freely chose to forego and/or waived them.

46683

5

1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

2    22.    Plaintiff's claims for injunctive and other equitable relief are barred

3    because Plaintiff has an adequate and complete remedy at law.

4

5

## TWENTY-THIRD AFFIRMATIVE DEFENSE

6    23.    Defendant reserves the right to assert additional affirmative defenses

7    as discovery proceeds and it becomes aware of additional facts and circumstances that

8    provide the basis for additional affirmative defenses.

9

10    WHEREFORE, Defendant prays for judgment as follows:

11    1.    That Plaintiff takes nothing by reason of her Complaint;

12

13    2.    That the Complaint herein be dismissed in its entirety with prejudice,

14    and that judgment be entered for Defendant and against Plaintiff;

15

16    3.    That Defendant be awarded its reasonable costs and attorneys' fees;

17    and

18

19    4.    For such other and further relief as the Court deems just and proper.

20

21

22    DATED: *October 28*, 2010    HODEL BRIGGS WINTER LLP

23

24

25    By: _____

26                BETH C. KEARNEY

27    Attorneys for Defendant
     PAYLESS SHOESOURCE, INC.

28

46683

6

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT

# PROOF OF SERVICE

STATE OF CALIFORNIA            )
                               ) ss:
COUNTY OF ORANGE               )

I am employed in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is Hodel Briggs Winter LLP, 8105 Irvine Center Drive, Suite 1400, Irvine, CA 92618.

On **October 28, 2010,** I served the foregoing document(s) described as: **DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT** on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

Jason M. Wucetich
Dimitrios V. Korovilas
Wucetich & Korovilas LLP
222 North Sepulveda Boulevard
Suite 2000
El Segundo, CA 90245
T: (310) 335-2001
F: (310) 364-5201

☒ **BY MAIL:** I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Hodel Briggs Winter LLP for collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE:** I caused said document(s) to be transmitted to a facsimile machine maintained by the office of the addressee(s) at the facsimile machine number(s) indicated. Said facsimile number(s) are the most recent numbers appearing on documents filed and served by the addressee(s). I received electronic confirmation from the facsimile machine that said document was successfully transmitted without error. A copy of said electronic confirmation is maintained in this office.

☐ **BY OVERNIGHT DELIVERY:** I am readily familiar with the practice of Hodel Briggs Winter LLP for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **October 28, 2010,** Irvine, California.

Valerie Beechler

# EXHIBIT E

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 10/27/10                                     **DEPT.** 324

| | | |
|---|---|---|
| HONORABLE EMILIE H. ELIAS | JUDGE | A. MORALES       DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE              Reporter |

8:30 am  BC447027

KATRILLA ATKINS             Plaintiff Counsel        NO APPEARANCES
VS
PAYLESS SHOESOURCE INC        Defendant Counsel

NON-COMPLEX (10-27-10)

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.



This case is designated non-complex and is reassigned to Judge Rex Heeseman in Department 19 at Stanley Mosk Courthouse for all further proceedings.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of service in Department 19 within five (5) days of service.

Any party objecting to the non-complex designation must file an objection and proof of service in Department 324 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 324 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

**MINUTES ENTERED**
10/27/10
**COUNTY CLERK**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 10/27/10                                                              **DEPT.** 324

HONORABLE EMILIE H. ELIAS          JUDGE   A. MORALES          DEPUTY CLERK

HONORABLE                    JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR

NONE                      Deputy Sheriff   NONE          Reporter

| | | |
|---|---|---|
| 8:30 am | BC447027 | |
| | | Plaintiff Counsel      NO APPEARANCES |
| | KATRILLA ATKINS | |
| | VS | Defendant |
| | PAYLESS SHOESOURCE INC | Counsel |
| | | |
| | NON-COMPLEX (10-27-10) | |

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
10-27-10 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 10-27-10

John A. Clarke, Executive Officer/Clerk


By: _____
          K. HILAIRE


WUCETICH & KOROVILAS, LLP
Jason M. Wucetich, Esq.
222 North Sepulveda Boulevard, Suite 2000
El Segundo, California  90245

MINUTES ENTERED
10/27/10
COUNTY CLERK

# EXHIBIT F

1   GLENN L. BRIGGS (SB# 174497)
    Email: gbriggs@hbwllp.com
2   S. SEAN SHAHABI (SB# 204710)
    Email: sshahabi@hbwllp.com
3   BETH C. KEARNEY (SB# 234716)
    Email: bkearney@hbwllp.com
4   HODEL BRIGGS WINTER LLP
    8105 Irvine Center Drive, Suite 1400
5   Irvine, CA  92618
    Telephone:   (949) 450-8040
6   Facsimile:    (949) 450-8033

7   Attorneys for Defendant
    PAYLESS SHOESOURCE, INC.

8
                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                    COUNTY OF LOS ANGELES – CENTRAL DISTRICT
10

11  KATRILLA ATKINS, an individual,          CASE NO. BC 447027

12                  Plaintiff,
                                             **NOTICE TO ADVERSE PARTY OF**
13          vs.                              **REMOVAL OF CIVIL ACTION TO**
                                             **UNITED STATES DISTRICT COURT**
14  PAYLESS SHOESOURCE, INC., a              **PURSUANT TO 28 U.S.C. §§ 1332(d) and**
    Missouri corporation; and DOES 1         **1441 (DIVERSITY)**
15  through 10, Inclusive,
                                             Complaint Filed: Oct. 7, 2010
16                  Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

46841

TO PLAINTIFFS AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the United States District Court for the Central District of California on November 4, 2010.  A copy of said Notice of Removal and supporting exhibits are attached to this Notice, and are served and filed herewith.

DATED: November 4, 2010          HODEL BRIGGS WINTER LLP


By:  _____
                    S. SEAN SHAHABI

Attorneys for Defendant
PAYLESS SHOESOURCE, INC.

46841

1

# **EXHIBIT G**

GLENN L. BRIGGS (SB# 174497)
Email: gbriggs@hbwllp.com
S. SEAN SHAHABI (SB# 204710)
Email: sshahabi@hbwllp.com
BETH C. KEARNEY (SB# 234716)
Email: bkearney@hbwllp.com
HODEL BRIGGS WINTER LLP
8105 Irvine Center Drive, Suite 1400
Irvine, CA  92618
Telephone:   (949) 450-8040
Facsimile:    (949) 450-8033

Attorneys for Defendant
PAYLESS SHOESOURCE, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| KATRILLA ATKINS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PAYLESS SHOESOURCE, INC., a Missouri corporation; and DOES 1 through 10, Inclusive,<br><br>Defendants. | CASE NO. BC 447027<br><br>**NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332(d) and 1441 (DIVERSITY)**<br><br>Complaint Filed: Oct. 7, 2010 |

46842

TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF LOS ANGELES:

Attached hereto as Exhibit "1" is a true and correct copy of the Notice to Adverse Party of Removal of this action to the United States District Court for the Central District of California.  The original Notice of Removal of Civil Action to the United States District Court was filed with the United States District Court for the Central District of California with the attached exhibits on November 4, 2010.

The filing of said Notice of Removal effects the removal of the above-entitled action from this Court.

DATED: November _4_, 2010          HODEL BRIGGS WINTER LLP


By: _____
                        S. SEAN SHAHABI

Attorneys for Defendant
PAYLESS SHOESOURCE, INC.

46842

1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV10- 8389 GW (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| KATRILLA ATKINS | PAYLESS SHOESOURCE, INC. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Jason Wucetich (SBN: 222113) | Glenn L. Briggs (SBN: 174497) |
| Wucetich & Korovilas LLP | S. Sean Shahabi (SBN: 204710) |
| 222 North Sepulveda Boulevard, Suite 2000 | Hodel Briggs Winter LLP |
| El Segundo, CA 90245 | 8105 Irvine Center Drive, Suite 1400 |
| (310) 335-2001 | Irvine, CA 92618 |
| | (949) 450-8040 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No          ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Sections 1332(d) and 1441 - Diversity Jurisdiction under Class Action Fairness Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV10 8389

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☒ Yes

If yes, list case number(s): CV10-8342 R (PJWx)

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☒ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Kansas |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| According to the Complaint, multiple counties throughout this District. | California, including counties in |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _S. Sean Shahabi_     Date November 4, 2010

S. Sean Shahabi

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com